FOLLETT & BRADLEY *v.* MURRAY & SCOTT, and JOHN WAITE AND JOSEPH KINGSBUNY, Trustees.

Where a deposition was taken and filed, to be used as evidence in a suit, and the original deposition was destroyed by accident, it was held that a copy of the deposition,—the witness being still living,—could not be used as evidence on the trial.

TRUSTEE PROCESS. Judgment was rendered against the principal debtors, and the trustees filed their disclosures, upon which, with testimony *aliunde*, trial was had. On trial a copy of the deposition of one Samuel Mower, which deposition was taken and filed, to be used as evidence in the case, was offered in evidence,— it being proved that the original deposition had been burned, and that the copy offered was a true copy, and that it had been filed in the clerk's office after the destruction of the original. The copy offered did not contain a transcript of the caption and certificate appended to the original deposition; but the affidavit of the attorney of the trustees was filed, stating, that he believed that the caption and certificate were in due form of law. To the admission of this copy, as evidence, the plaintiff objected; but the objection was overruled by the court, and the evidence admitted; to which decision the plaintiffs excepted.

*H. Carpenter* for plaintiffs.

*Weston, Kidder* and *L. B. Peck* for trustees.

The opinion of the court was delivered by
BENNETT, J. We think there was manifest error in the county court, in admitting in evidence the copy of Mower's deposition. The court, upon proof that the original deposition had been destroyed, and that the copy, which had been filed with the clerk, was a true copy, permitted it to be read. The deponent was not dead, so as to make that a ground for admitting secondary evidence; the original deposition had never been used upon a previous trial; and no copy of the caption or certificate purports to have been given or proved. We know of no rule of law, that makes the copy of the

deposition admissible. Though it was a great misfortune, that caused this, and other valuable papers, to be destroyed in the burning of the court house, yet, if we admit this copy, it must furnish a rule for the admission of copies in all cases, upon proof that the originals have been destroyed,—and that, too, without any proof as to the caption and certificate being originally correct.

A new deposition, in this case, can be taken; and we think it should be done, rather than make an innovation upon the rules of evidence, which would, in its consequences, be prejudicial in the administration of justice.

For this cause the judgment of the county court must be reversed.