### ASA LOW *v.* WILLIAM PETERS.

*Parol Evidence. Deposition.*

Where a copy of a lost deposition is offered on the trial, after the death of the witness, parol evidence is admissible which tends to prove that the original was taken with all the necessary legal formalities.

The fact that a deposition was taken with all the necessary formalities being established, and the proof that it was lost and that the copy was correct being satisfactory, the copy was admissible, after the death of the witness, to prove what the witness had testified to.

ASSUMPSIT on a promissory note. Plea, a discharge under the United States bankrupt law. Replication, a new promise. Issue joined and trial by jury, June Term, 1862, PECK, J., presiding.

On the trial the plaintiff offered a copy of the deposition of one Shaw, and to show by parol evidence that the original was regularly taken on the part of the plaintiff since the commencement of this suit to be used in this cause; that notice was given, and the defendant appeared and cross-examined the witness; that the formalities required by the statute were complied with; that the original was lost, and after diligent search could not be found, and that the copy offered was a correct one.

To the admission of such copy and the parol evidence the defendant objected.

The deponent had deceased, and the deposition had never been filed. The court admitted the parol evidence, and finding therefrom the facts thus offered to be shown, admitted the copy to be given in evidence to the jury, but this finding on the parol evidence was not treated as conclusive, but as an open question, for the jury. The substance of the parol evidence is given in the opinion of the court. The court refused to charge, that the evidence was insufficient as matter of law to warrant the finding that the deposition was taken in compliance with the requirements of the statute.

Verdict for the plaintiff,—exceptions by the defendant.

*Washburn & Marsh*, for the defendant.

The copy of the deposition of Shaw was improperly admitted. The testimony upon which it was admitted, was insufficient in law, to warrant the finding that there was such a compliance with the requirements of the statute as to render the original admissible, if it had been offered. *Follett* v. *Murray*, 17 Vt. 530 ; Comp. Stat. 274, §§ 9, 10.

· *R. McK. Ormsbee*, for the plaintiff.

ALDIS, J. The testimony tended to show that the deposition of Shaw was taken, certified and completed in due form of law. It is not disputed but that the witness was examined and cross-examined, his testimony taken down by the justice in the form of a deposition, and that the witness signed it. The question is as to the witness being sworn, as to the caption and certificate, the sealing and superscription.

Mr. Ormsbee says that when he left the office, which was soon after the witness got through testifying, Mr. Farnham and the justice were, as he thought, fixing the certificate.

Mr. Farnham says that he supposes that the certificates were made, but could not say that he had any recollection as to the certificates—did not know as he had a distinct recollection of Shaw's being sworn aside from the memorandum he made at the time on the copy of the deposition which he then made, and which was " certified and sworn by G. W. Prichard." The copy shows the memorandum " Taken September 3d, and certified by G. W. Prichard."

The justice of the peace, Mr. Prichard, says it was taken in the usual form and manner.

This evidence, in connection with the admitted facts that the parties, their counsel and the justice all attended the taking of the deposition, certainly tends to show that all the necessary legal formalities were observed.

It was for the court below to decide whether it *did* prove what it tended to prove. Their conclusion we are not at liberty to revise.

Thetford *v.* Kilburn et al.

The fact that the deposition was taken with all the necessary formalities being established, and the proof that it was lost and that the copy was correct being satisfactory, the question next arises was it admissible?

It is admitted or proved that the witness was sworn, and testified, and his deposition taken to be used in this cause, and that he has since died. Another deposition can not therefore be taken. In *Follett & Bradley* v. *Murray & Scott*, 17 Vt. 530, the witness being alive, the court required a new deposition to be taken and excluded the copy. The correctness of that decision we by no means question. But in this case, as the witness was dead when the copy of his deposition was offered at the trial, and as he had in substance testified in the cause, we think the proof of what he had testified to by the copy was admissible. The fact that the deposition had not been filed and used does not preclude the proof as offered. The substance is, that the witness had really testified in the case,—testified before a magistrate authorized to take his deposition, upon due notice and appearance of the adverse party, and for the very purpose of having his testimony used in this case, and since had deceased. It was not necessary to file the deposition till it was produced to be used on the trial, and before it could be so filed or used it was lost. The death of the witness makes the secondary evidence admissible and distinguishes this case from the one in the 17th Vt.

Judgment affirmed.